**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 96-20688
Summary Calendar

_____

CHANDRELLE L. WHITE-PAGE, individually and as next friend of the
minor children of GLEN PAGE, GLEN PAGE, JR. and MARQUS MIGUEL
GLENZELL PAGE, and PERCY PAGE and LAVERNE CHERRY, individually
and as representatives of the estate of GLEN PAGE,

Plaintiffs-Appellants,

VERSUS

HARRIS COUNTY, ET AL,

Defendants

HARRIS COUNTY; ORGANIZED CRIME AND NARCOTICS TASK FORCE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-94-CV-2592)

_____

May 1, 1997

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the granting of a summary judgment in
favor of Harris County, defendant-appellee, on an action for
violations of the Texas Tort Claims Act, 42 U.S.C. § 1983, and an

_____

[*]Local Rule 47.5 provides: "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to this Rule, the Court has determined that this opinion
should not be published.

alleged contract agreement.  Plaintiffs are the survivors of Glen Page, a confidential informant who was killed during a "buy-bust" sting operation.  They allege that the actions of the Harris County Organized Crime and Task Force in executing this operation generated a "state-created danger" which ultimately resulted in Page's death.  They also contend that Harris County deprived Glen Page of a property interest without due process by failing to pay him or his survivors for his involvement in the operation in accordance with a "Confidential Informant Agreement". Along the same vein, Plaintiffs also allege a breach of contract.

**Texas Tort Claims Act**

A governmental body is generally immune from suit unless such immunity is waived by statute.  Under the Texas Tort Claims Act, a governmental entity is liable for personal injury and death caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.  *See* TEX. CIV. PRAC. & REM. CODE Ann. § 101.021(2) (Vernon 1986).

The Texas Supreme Court has defined "use" in the context of this statute as "to put forth or bring into action or service; to employ or apply to for a given purpose." *Salcedo v. El Paso Hosp. Dist.,* 659  S.W.2d 30, 33 (Tex. 1983).  A non-use of property can not support a claim under the Texas Tort Claims Act.  *Kassen v.*

2

*Hatley,* 887 S.W.2d 4, 14 (Tex. 1994).

Plaintiffs' claims under the Act fails for two reasons. First, Plaintiffs fail to allege any "use" of personal property in any of their complaints that would waive the sovereign immunity found in the Act. Second, they have not alleged any negligence that would be actionable under Texas law if committed by a private person.

**Section 1983 Liability**

To state a claim under 42 U.S.C. § 1983, a plaintiff must:

(1) allege a violation of rights secured by the Constitution or laws of the United States; and

(2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.

*West v. Atkins,* 487 U.S. 42, 48 (1988). A governmental entity may be held liable under § 1983 for a deprivation of rights protected by the Constitution or federal law only if that deprivation is inflicted pursuant to an official policy. *Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984), *rev'd on other grounds,* 739 F.2d 993 (5th Cir. 1984). We held in *Webster* that "official policy" includes both a written policy and/or a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

Appellants originally had four theories under which § 1983 was implicated. However, they abandoned two of these four theories on appeal and alleged only "state-created danger" and deprivation of property interest under § 1983.

a. State-Created Danger

Appellants allege that Harris County had a policy of using confidential informants in undercover buy-bust operations in a manner which endangered these informant's lives. More specifically, they allege that Harris County failed to affirmatively protect Page against bodily injury arising out of a state-created danger.

"When state actors knowingly place a person in danger, the due process clause of the constitution has been held to render them accountable for the foreseeable injuries that result from their conduct whether or not the victim was in formal state 'custody.'" *Johnson v. Dallas Indep. School Dist.,* 38 F.3d 198, 200 (5th Cir. 1994), *cert. denied,* __ U.S. __, 115 S.Ct. 1361 (1995). However, the environment created by the state actors must be dangerous; they must know that it is dangerous; and, to be liable, they must have used their authority to create the opportunity that would not have otherwise existed for the third party's crime to occur. *Id.* at 201.

Although drug transactions are inherently dangerous, Page's

4

participation in this deal was completely of his own volition. His actions, from the time he made initial contact with Harris County up to the events resulting in his unfortunate death, were voluntary. At no time was Page under the "control" of any Harris County employee in creating the opportunity to complete the transaction.

Furthermore, Plaintiffs have failed to prove that any policy of Harris County, whether written or otherwise, placed Page in a state-created danger.

b. Property Interest

Plaintiffs allege that Page was deprived of a property interest without due process of law when the County failed to pay him for his participation in the drug deal which resulted in his death. They base this contention on an alleged "cooperating individual agreement" which is not in evidence. Appellants claim that Harris County lost this agreement and that the failure to produce this document should shift the burden to the Defendant to prove that the agreement did not create a constitutionally protected property interest. We, as did the district court, disagree. Even though there is some testimony that an agreement *might* have existed, there is no indication nor any evidence that Harris County was a signatory to such an agreement or that an agreement was kept in its custody. Moreover, this agreement cannot be located or was never executed. In any event, without the

5

agreement in evidence, Plaintiffs cannot make a prima facie claim of a protected property interest in compensation.

Plaintiffs have also failed to show that any federal regulations or task force guidelines created any analogous expectations in compensation.

**Breach of Contract**

Appellants also claim that the district court erred in sua sponte granting summary judgment on their breach of contract claim, an issue that was never addressed in the magistrate judge's memorandum and order. The breach of contract issue was first raised by the appellants in their response to Harris County's initial motion for summary judgment. Harris County then briefly addressed the issue in its reply to the response. Plaintiffs subsequently filed their third amended original complaint adding this breach of contract claim. The Magistrate then granted Harris County's motion, but made a note commenting that in light of the amended petition this granting of a summary judgment was only a partial summary judgment. The Magistrate never addressed the breach of contract issue except to find that there was no contract and no entitlement to compensation under contract. The district court then adopted the Magistrate's memorandum and order and granted summary judgment on all claims, including the breach of contract claim.

Appellants claim that this was an improper granting of summary judgment because it rested on grounds that were not urged or briefed by the movant. They cite to a number of cases which hold that the granting of a summary judgment is improper when the non-movant has no notice of the grounds upon which the judgment was granted. However, the circumstances presented here are different from the slew of cases cited by the appellant because those cases centered around whether the non-movant had notice of the issue on which summary judgment was granted. In this case, not only did the non-movants have notice, they provided it by writing in depth on an issue that was not even raised in the opposing party's original motion.

The question raised by a court's sua sponte action is whether the party against whom the judgment will be entered was given sufficient advance notice and an adequate opportunity to demonstrate why summary judgment should not be granted. *See Nowlin v. Resolution Trust Corp,* 33 F.3d 498, 504 (5th. Cir. 1994). Obviously, both of these requirements were satisfied under the present circumstances. The Plaintiffs had adequate notice and every opportunity to present a breach of contract case.

Plaintiffs have not been able to prove that a contract existed (based on their property interest claim) and they do not claim to have any additional evidence which may lead us to find otherwise. If there is no contract to prove up a property interest there can

7

be no breach of contract.

If the case is one appropriate for the entry of summary judgment, the fact that it may be granted on a ground different from that specified in the motion does not warrant disturbing the judgment on appeal. *Broderick Woods Prods. Co. v. United States,* 195 F.2d 433, 436 (10th Cir. 1952). "The fact that the judgment was granted on a reason different from that assigned by the defendant [in his summary judgment motion] is immaterial, where, as here, the motion was properly granted on the undisputed facts shown on an issue presented by plaintiff's complaint." *Board of Nat. Missions of Presbyterian Church in the U.S. v. Smith,* 182 F.2d 362, 364-365 (7th Cir. 1950).

Moreover, even if we did find the lower court erred in granting summary judgment, the harmless error doctrine applies because, as stated earlier, Plaintiffs do not claim they have any additional evidence to present and the evidence they have presented does not reflect the existence of a contract. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 28 F.3d 1388, 1398 (5th Cir. 1994).

Based on the foregoing, we accordingly AFFIRM the decision of the district court.